IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY MENDENHALL | ) | CASE NO. 5:06 CV 0139 |
| Plaintiff | ) | JUDGE DOWD |
| v. | ) | |
| THE CITY OF AKRON, et al. | ) | **AGREED STIPULATIONS** |
| Defendants. | ) | **OF FACT** |

1. After a hit and run accident resulting in the death of a child in a school cross walk, the Akron City Council passed Ordinance 461-2005 enacting Chapter 79 "Automated Mobile Speed Enforcement System" and Section 79.01 entitled "Civil Penalties for Automated Mobile Speed Enforcement System Violations" on September 12, 2005. Said ordinance having been approved and signed by the Mayor of the City of Akron on September 19, 2005.

2. The stated purpose of the legislation was that "it is desirable to reduce the danger from vehicle operators speeding in and around school zones;" and because "frequent incidents of speeding create a substantial risk to the safety of children in school zones and crosswalks;" and "an automated mobile speed enforcement system will assist the Akron Police Department by alleviating the need for conducting extensive conventional traffic enforcement in and around school zones."

3. The City of Akron and Nestor Traffic Systems, Inc. entered into a contract on October 6, 2005, wherein Nestor Traffic Systems, Inc. would install and assist the municipality in the administration and operation of a mobile speed violation detection system within the City of Akron.

4. The Akron ordinance provides for civil enforcement imposing monetary liability upon the owner of a vehicle for the vehicle's failure to comply with the posted speed limits in school zones and streets or highways within the City of Akron including crosswalks used by children going to or leaving school during recess and opening and closing hours.

5. The criminal justice system is not involved, the offender is not issued a criminal traffic citation by a police officer, the offender is not summoned to the traffic court in the Akron Municipal Court, nor are points assessed against the driver or owner's driving record by the Bureau of Motor Vehicles.

6. The Akron Ordinance, Section 79.01 entitled "Civil Penalties for Automated Mobile Speed Enforcement System Violations" did not change the speed limits set by the State of Ohio.

7. If a vehicle's rate of speed exceeds the posted speed limit, the owner of the vehicle is issued a "notice of liability." The notice includes photographs of the vehicle, the vehicle's license plate, the date, time, and location of the violation, the posted speed, the vehicle speed, and the amount of the civil penalty.

8. The violation is assigned a civil violation number and a notice of liability is issued to the owner of the vehicle via regular U.S. Mail. Also included is a remittance form stating the amount of the civil penalty and the address where the check or money order is to be mailed. The form also explains that the owner has three options:  1) to pay the amount due; 2) to sign an affidavit that the cited vehicle is leased or stolen; or 3) to exercise the right to an administrative appeal.

9. If the owner of the vehicle wishes to have an administrative appeal pursuant to Section 79.01(F) of the Code of Ordinances of the City of Akron, the owner is instructed to complete and mail the notice of appeal section of the violation form within 21 days of the date listed on the civil citation.

10. The photographs of the vehicle and license plate are reviewed by technicians of Nestor Traffic Systems, Inc. for purposes of clarity and to make certain the automobile in the photograph is the same as the automobile registered to that license plate.

11. The photographs of the civil violation are also reviewed by a member of the Akron Police Department for clarity and to make certain that the automobile is the same as the automobile registered to that license plate.

12. If the vehicle and the license plate do not match, the civil violation is dismissed.

13. The ordinance provides that the Mayor of the City of Akron shall appoint a hearing officer as an independent third party to hear administrative appeals through an administrative process established by the City of Akron. On December 7, 2005, the Mayor appointed Pam Williams to hear the administrative appeals.

14. Pursuant to the ordinance, failure to give notice of appeal or failure to pay the civil penalty within 21 days constitutes a waiver of the right to contest the citation and is considered an admission of a violation of the ordinance.

15. If the civil penalty is not paid, the City must institute a separate civil action to collect the debt.

16. The vehicle owner is the person or entity identified by the Ohio Bureau of Motor Vehicles as the registered owner of the vehicle and is civilly liable for the penalty imposed for excessive speed. By the terms of the Ordinance, the owner of a vehicle shall not be responsible for the civil penalty if within 21 days from the date listed on the notice of liability the owner signs an affidavit stating the name and address of the person or entity who leased the vehicle in a lease of 6 months or more, or if the owner produces a law enforcement incident report from a state or local law enforcement agency or record

bureau stating that the vehicle involved was reported stolen before the time of the violation.

17. If the vehicle owner requests an administrative appeal by mailing in the request for an administrative hearing, they are notified of a hearing date before the administrative hearing officer.

18. The following explains the administrative hearing process:

- the independent hearing officer tape records the entire proceeding to preserve the record;

- an Akron Police officer is present to verify the information provided;

- the hearing officer explains the appeal process, indicating that the hearing is civil not a criminal or traffic trial and explains that there will be no traffic record or points on the driver's license, that the hearing officer's responsibility is to determine whether she can clearly identify the vehicle, license plate and to whom the license plate is issued, that she will determine whether a preponderance of the evidence establishes if a violation of Section 79.01 of the Codified Ordinances of City of Akron occurred and if the owner is liable;

- the computer generated recorded images of the vehicles, license plates of the vehicles, ownership of the vehicles, the date and speed of the vehicles are admissible in the administrative appeal process, are available for review by the appealing party, and are considered *prima facie* proof of the civil violation;

- any witness wishing to testify is sworn in by the hearing officer.

19. If the independent hearing officer sustains the appeal, the civil citation is dismissed and no civil penalty is assessed.

20. If the independent hearing officer denies the appeal, the civil fine is assessed.

21. On November 2005, Plaintiff Kelly Mendenhall, resident of the City of Akron, Ohio, received an automated mobile speed enforcement citation for going 39 mph in a 25 mph speed zone on Copley Road in the City of Akron, Ohio near Erie Island Elementary School.

22. Plaintiff Mendenhall exercised her right to request an administrative hearing and appeared before the independent hearing officer with counsel, her husband, Attorney Warner Mendenhall.

23. Plaintiff Mendenhall's administrative appeal was sustained by the independent hearing officer based upon facts that in early November 2005, and on the date she received the civil speeding citation, the 25 mph speed sign was either vandalized or missing for east

3

      bound traffic and her civil speeding citation was dismissed. No civil penalty was assessed and the citation was dismissed.

24. On December 13, 2005, Plaintiff Mendenhall filed a complaint and class action for declaratory judgment, injunctive relieve and for a money judgment against City of Akron and all of its City Council Members in their official capacity and Nestor Traffic Systems, Inc. of Providence, Rhode Island.

25. Defendant City of Akron and Nestor Traffic Systems, Inc. removed the case to the United States District Court for the Northern District of Ohio, Eastern Division.

26. Plaintiff subsequently dismissed the City Council Members.

27. Plaintiff Mendenhall claims the Akron ordinance is invalid. She claims it is in violation of her due process rights guaranteed by the Ohio and United States Constitutions; that the Akron ordinance violates Article XVIII Section 3 of the Ohio Constitution commonly referred to as the Home Rule Amendment in that she alleges Ohio Revised Code Section 4511.07 is a general law of the laws of the State of Ohio and that the Akron ordinance is in conflict therewith; that the Akron ordinance violates public policy of the State of Ohio regarding due process by implication of a conflict with Revised Code Sections 4521.02 through 4532.08; and that the Akron ordinance forces individuals challenging citations to waive their rights under the Fifth Amendment to the United States Constitution in order to defend themselves.

28. The City of Akron is a Charter municipality pursuant to Section 7 of Article XVIII of the Ohio Constitution.

|  | Respectfully submitted, |
|---|---|
|  | Max Rothal - No. 0009431<br>Director of Law |
| /s/Jacquenette S. Corgan<br>Warner Mendenhall – No. 0070165<br>Jacquenette Geggus Corgan – No. 0072778<br>190 North Main Street<br>Akron, Ohio  44304<br>(330) 535-8160; Fax (330) 762-9743<br>Warnermendenhall@hotmail.com<br>J.corgan@justice.com<br>Council for Plaintiff | /s/Stephen A. Fallis<br>Stephen A. Fallis - No. 0021568<br>Michael J. Defibaugh - No. 0072683<br>Assistant Directors of Law<br>161 S. High Street, Suite 202<br>Akron, Ohio  44308<br>(330) 375-2030 Fax (330-375-041)<br>Fallsst@ci.akron.oh.us<br>Defibmi@ci.akron.oh.us<br>Counsel for Defendants City of Akron |
|  | /s/Richard Gurbst<br>Richard Gurbst (0017672)<br>Heather L. Tonsing (0069606)<br>Donald Herbe (0076500)<br>Squire, Sanders & Dempsey LLP<br>4900 Key Tower<br>127 Public Square<br>Cleveland, Ohio  44114-1304<br>(216) 479-8500; Fax (216) 479-8780<br>rgurbst@ssd.com<br>htonsing@ssd.com<br>dherbe@ssd.com<br><br>Counsel for Defendants<br>Nestor Traffic System Inc., Nigel Hebborn,<br>Benjamin M. Alexander, C. Ross<br>McKenrick, and William B. Danzell |

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2006, a copy of the foregoing Agreed Stipulations of Fact was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/Stephen A. Fallis
Stephen A. Fallis
Assistant Director of Law